IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,                  No. CIV S-07-2049-MCE-CMK-P

        Plaintiff,

  vs.                                ORDER

BILL LOCKYER, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil action. The court is required to screen actions, such as this, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

        This action was originally filed in the United States District Court for the Northern District of California and subsequently transferred to this court. Plaintiff's operative pleading is entitled "Motion in Request for Sanctions In Re Contempt." Plaintiff names Scott Kernan and former California Attorney General Bill Lockyer in the caption of his filing. Plaintiff alleges that defendants are in contempt of court for violating a 2004 settlement agreement entered in a Northern District of California case, Castillo v. Alameida, case no. C-94-2847-MJJ-JCS. Specifically, plaintiff asserts that, as part of that settlement, defendants agreed to abide by certain

1

"policies and procedures." He further claims that prison officials at California State Prison – Sacramento have "aggressively and unjustly validated" plaintiff in violation of the agreement.[1] Plaintiff also claims ". . . this is happening on a tremendous and aggressive pace against 'Hispanic' inmates in this prison."

In documents filed in the instant action by plaintiff on November 13, 2007 (Docs. 8 and 9), plaintiff seeks to bring "supplemental information" to the attention of the court. Specifically, in Doc. 8, plaintiff again alleges that defendants have violated the 2004 settlement agreement. In Doc. 9, plaintiff asks this court to take judicial notice of the Castillo proceedings. Plaintiff attaches to his submissions page 7 (¶¶ 21-26) of a settlement agreement in the Castillo case. Paragraph 21 specifies:

> Confidential Sources. (Title 15 § 3378(c)(8)(H)). Defendants agree that "laundry lists" – that is, when confidential sources, including debriefers, identify a prisoner as an associate or member by listing names of inmate(s) without reference to gang-related acts performed by the inmate(s) – shall not be relief upon as a source item. Defendants agree that the confidential source must identify specific gang activity or conduct performed by the alleged associate or member before such information can be considered as a source item. This information shall be recorded by staff and provided on a written form given to the inmate.

Paragraph 22 states:

> Single Source Rule. Defendants agree that a single, gang-related incident or conduct described or documents by multiple sources, confidential or otherwise, shall constitute one source only.

Plaintiff also attaches prison documents from May and June 2006 relating to his "validation" as an associate or member of the Northern Structure prison gang. It appears that plaintiff was placed in administrative segregation as a result and that he seeks, by way of this action, to be released from administrative segregation. Plaintiff claims that the "single source procedural safeguards" were violated.

///

---

[1] Plaintiff is currently incarcerated in Represa, California.

2

The court finds that plaintiff's action cannot proceed in its current form. To the extent plaintiff is asserting a violation of a court order in the Castillo case and is a party to that action, plaintiff's concerns should be brought to the court's attention in the context of that case, not in the context of a new civil action. To the extent plaintiff is asserting that prison officials violated his constitutional rights with respect to his "validation" in 2006 as a member of the Northern Structure prison gang and any subsequent disciplinary proceedings, plaintiff may file an amended complaint in the current action which names those individuals alleged to have violated his rights.

The court will grant plaintiff an opportunity to file an amended complaint. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

To the extent plaintiff believes that supervisory personnel are liable, plaintiff is cautioned that supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a

| 1 | supervisory position, the causal link between him and the claimed constitutional violation must |
| 2 | be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. |
| 3 | Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the |
| 4 | involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. |
| 5 | Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). |

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, all claims alleged in the original pleading which are not alleged in the amended pleading are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff chooses to file an amended complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff elects not to file an amended complaint within the time provided by this order, the court will issue findings and recommendations that this action be dismissed without prejudice to any remedies plaintiff may have in the context of the Castillo action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file an amended complaint on the form provided within 30 days of the date of this order; and

2. The Clerk of the Court is directed to forward to plaintiff the court's form 42 U.S.C. § 1983 civil rights complaint by a prisoner.

DATED: January 7, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE