# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUY BAKER, | No. CIV S-07-2049-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BILL LOCKYER, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil action. The court is required to screen actions, such as this, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

       This action was originally filed in the United States District Court for the Northern District of California and subsequently transferred to this court. Plaintiff's operative pleading is entitled "Motion in Request for Sanctions In Re Contempt." Plaintiff names Scott Kernan and former California Attorney General Bill Lockyer in the caption of his filing. Plaintiff alleges that defendants are in contempt of court for violating a 2004 settlement agreement entered in a Northern District of California case, Castillo v. Alameida, case no. C-94-2847-MJJ-JCS. Specifically, plaintiff asserts that, as part of that settlement, defendants agreed to abide by certain

1

"policies and procedures." He further claims that prison officials at California State Prison – Sacramento have "aggressively and unjustly validated" plaintiff in violation of the agreement.[1]
Plaintiff also claims ". . . this is happening on a tremendous and aggressive pace against 'Hispanic' inmates in this prison."

In documents filed in the instant action by plaintiff on November 13, 2007 (Docs. 8 and 9), plaintiff seeks to bring "supplemental information" to the attention of the court. Specifically, in Doc. 8, plaintiff again alleges that defendants have violated the 2004 settlement agreement. In Doc. 9, plaintiff asks this court to take judicial notice of the Castillo proceedings. Plaintiff attaches to his submissions page 7 (¶¶ 21-26) of a settlement agreement in the Castillo case. Paragraph 21 specifies:

> Confidential Sources. (Title 15 § 3378(c)(8)(H)). Defendants agree that "laundry lists" – that is, when confidential sources, including debriefers, identify a prisoner as an associate or member by listing names of inmate(s) without reference to gang-related acts performed by the inmate(s) – shall not be relief upon as a source item. Defendants agree that the confidential source must identify specific gang activity or conduct performed by the alleged associate or member before such information can be considered as a source item. This information shall be recorded by staff and provided on a written form given to the inmate.

Paragraph 22 states:

> Single Source Rule. Defendants agree that a single, gang-related incident or conduct described or documents by multiple sources, confidential or otherwise, shall constitute one source only.

Plaintiff also attaches prison documents from May and June 2006 relating to his "validation" as an associate or member of the Northern Structure prison gang. It appears that plaintiff was placed in administrative segregation as a result and that he seeks, by way of this action, to be released from administrative segregation. Plaintiff claims that the "single source procedural safeguards" were violated.

///

---

[1] Plaintiff is currently incarcerated in Represa, California.

| | |
|---|---|
| 1 | On January 8, 2008, the court issued a screening order concluding that the action |
| 2 | cannot proceed in its current form. Specifically, the court stated: |

> . . .To the extent plaintiff is asserting a violation of a court order in the Castillo case and is a party to that action, plaintiff's concerns should be brought to the court's attention in the context of that case, not in the context of a new civil action. To the extent plaintiff is asserting that prison officials violated his constitutional rights with respect to his "validation" in 2006 as a member of the Northern Structure prison gang and any subsequent disciplinary proceedings, plaintiff may file an amended complaint in the current action which names those individuals alleged to have violated his rights.

The court granted plaintiff an opportunity to amend and stated:

> If plaintiff elects not to file an amended complaint within the time provided by this order, the court will issue findings and recommendations that this action be dismissed without prejudice to any remedies plaintiff may have in the context of the Castillo action.

Plaintiff has not filed an amended complaint. The court construes plaintiff's inaction as consent to dismissal of this action without prejudice.

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE